114

GRADY S. GRIGSBY V. STATE.

No. 26,162. January 7, 1953.

*Bell & Blair,* by *John P. Blair,* Beaumont, for appellant.

*James S. McGrath,* Assistant District Attorney, Beaumont, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged under Article 6675a-6, Revised Civil Statutes, providing for the registration of a commercial motor vehicle to be used by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, etc., the registration demanded therefor being one-half of the fee for the registration of other motor vehicles not used for such above transportations. Upon his conviction, appellant was assessed a fine of $25.00 and costs.

The facts herein show that Grady S. Grigsby had thus paid at the rate of one-half of the usual fee for a certain motor vehicle which was operated by one, Andrew C. Bean, in Jefferson County. A complaint was filed against Grigsby for such operation of this motor vehicle.

There is no statement of facts herein, but the cause was tried on the stipulation made in open court by counsel for both sides in which it is shown that Mr. Grigsby purchased by deed dated November 14, 1951, all standing timber on a certain tract of land; that the timber which was then and there being hauled by Grigsby's agent (Andrew C. Bean) was the timber off of this certain tract of land; that same had been felled by said Grigsby, his agents, servants and employees at the time of the date of his arrest herein and was in its natural state; that it

was being hauled to Grigsby's sawmill near Vidor, in Orange County, Texas, for processing. It was admitted that Mr. Grigsby did not own the surface or minerals on which the said timber was cut and removed, but did own the said standing timber from and after the date of the aforesaid deed, to-wit, November 14, 1951.

It was further agreed that the said commercial motor vehicle was properly equipped and was not otherwise engaged in a violation of the law, and that it was used by the owner at such time only for the transportation of his own timber.

As we understand the law, we see no violation thereof, since this man was transporting his own timber in its natural state from the place of its purchase, for his own use, to his own sawmill. Under the law, we think he was within his rights at such time.

Therefore, the judgment is reversed and the cause remanded.